# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA STEFANY SOLIS ROJAS (A No. 249-326-647),<br><br>Petitioner,<br><br>v.<br><br>CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-03444-JLT-SAB<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 1.) |

Kiara Stefany Solis Rojas is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DENIES** the Petition.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Peru who entered the United States on or about February 21, 2024. (Doc. 1 at 6.) Petitioner was encountered by U.S. Customs and Border Protection upon entry at which time she expressed a fear of returning to Peru. (*Id.*; *see also* Doc. 7-1 at 3.) Petitioner subsequently received a positive credible fear determination by the assigned asylum officer and was placed in standard removal proceedings. (Doc. 1 at 6; Doc. 7-1 at 3.) On March 1, 2024, DHS issued a Notice to Appear charging Petitioner as removable under INA

§ 212(a)(6)(A)(i). (Doc. 1 at 6; *see also* Doc. 2-3 at 4.) Petitioner was then released from DHS custody on parole. (Doc. 1 at 6.) On August 5, 2024, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id*. at 7; *see also* Doc. 7-1 at 3.)

On February 9, 2026, Petitioner was arrested by local police for an alleged domestic violence incident, and despite the judge dropping the case after her husband failed to bring charges, she was transferred directly into ICE custody on February 11, 2026. (*See* Doc. 1 at 7; *see also* Doc. 7-1 at 3.) Petitioner was placed at California City Detention Center where she remains. (Doc. 1 at 5.) On May 4, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that her due process rights had been violated. (Doc. 1 at 15–25.) On May 28, 2026, Respondents filed an opposition arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 7 at 2–4.) On June 4, 2026, Petitioner filed a reply. (Doc. 8.)

In the opposition, Respondents note that on May 8, 2026, the Immigration Judge denied Petitioner's applications for relief and ordered Petitioner removed to Peru. (Doc. 7-6 at 1–10.) Though Petitioner reserved her right to an appeal, (*id*. at 10), Petitioner's recent status report indicates that "no appeal was filed from the Immigration Judge's May 8, 2026 removal order." (Doc. 10 at 1.) Because the thirty-day window to file such appeal has passed, Petitioner's order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R.*

*P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   DISCUSSION

Petitioner claims that her ongoing detention violates due process as a noncitizen who was previously released on parole and later re-detained without a pre-deprivation hearing. (See Doc. 1 at 15–16.) However, because Petitioner was ordered removed on May 8, 2026, (Doc. 7-6 at 1–10), and did not file an appeal within the thirty-day window (*see* Doc. 10 at 1), her order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). Thus, Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) and Petitioner is subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief).

"A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

### IV.   CONCLUSION AND ORDER

1.   The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

///

///

///

///

3

2.        The Clerk of Court is directed to **CLOSE THE CASE.**

IT IS SO ORDERED.

Dated:    **June 12, 2026**

_____
UNITED STATES DISTRICT JUDGE